IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD C. PETERSON,<br>    Petitioner,<br><br>    v.<br><br>WARDEN EDWARD BRENNAN,<br>THE DISTRICT ATTORNEY OF THE<br>COUNTY OF PHILADEPHIA, and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA,<br>    Respondents. | CIVIL ACTION<br><br><br><br><br>NO. 97-3477 |

**M E M O R A N D U M**

DUBOIS, J.                                                                                           JUNE 9, 2015

## I.   INTRODUCTION

Petitioner Edward Peterson ("Peterson") was convicted of two counts of first degree murder on March 10, 1988.  Presently before the Court is Peterson's "Motion to Reopen Judgment Under F.R.C.P. 60(b)(6)" ("Rule 60(b) Motion").  Peterson argues that the United States Court of Appeals for the Third Circuit's decision in *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014) and extraordinary circumstances permit the Court to consider his claims.

## II.  BACKGROUND

The facts of this case are taken from the Court's Opinion issued on June 15, 2004.  *See*, 2004 WL 1505253 (E.D. Pa. June 15, 2004).  Peterson was convicted of two counts of first degree murder on March 10, 1988.  Peterson's post-trial motions were denied.  Peterson initially sought pretrial *habeas corpus* relief in this Court.  That petition was denied on October 2, 1987, for failure to exhaust state remedies.  The Court of Appeals affirmed the denial on February 29, 1988.  While his post-trial motions were pending in state court, Peterson filed a second petition

for writ of *habeas corpus* in this Court. That petition was dismissed on October 18, 1990, for failure to exhaust state remedies. The Court of Appeals dismissed Peterson's appeal of that ruling for lack of appellate jurisdiction.

Peterson subsequently filed two *pro se* direct appeals to the Pennsylvania Superior Court. The Superior Court quashed the first appeal on the ground that petitioner's *pro se* brief precluded effective appellate review. Petitioner's second appeal challenged a trial court order that denied his petition to compel production of certain evidence. The Pennsylvania Superior Court quashed that appeal on January 17, 1991. On October 17, 1991, the Pennsylvania Supreme Court denied Peterson's Petition for Allowance of Appeal from the Superior Court's decisions to quash the direct appeals.

On May 26, 1992, Peterson filed a *pro se* petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, *et seq*. After counsel was appointed he filed an amended PCRA petition. The Pennsylvania Superior Court affirmed the judgment of sentence on September 22, 1995. The Pennsylvania Supreme Court denied Peterson's Petition for Allowance of Appeal on May 22, 1996.

Peterson filed a third petition for writ of *habeas corpus* relief in this Court on May 19, 1997. That petition was dismissed without prejudice as a "mixed petition" consisting of both exhausted and unexhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (directing dismissal of mixed petitions in the interests of comity).

Peterson then returned to state court and filed a second *pro se* PCRA petition on January 7, 1999 and an amended second *pro se* PCRA petition on June 17, 1999. The second and amended second PCRA petitions were dismissed as time-barred on August 9, 1999. The Superior Court affirmed the dismissals on September 13, 2000. That court denied reargument on

April 30, 2001. The Pennsylvania Supreme Court denied Peterson's Petition for Allowance of Appeal on April 30, 2001.

Peterson returned to this Court and filed a *pro se* "Verified First Amended Habeas Petition" on May 10, 2001 ("2001 Petition") and a *pro se* "Verified Second Amended Habeas Petition" on December 3, 2001. Those petitions were denied and dismissed on December 23, 2002.

On January 9, 2003, Peterson filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). On June 15, 2004, the motion for reconsideration was granted in part with respect to consideration of his March 7, 2002 "Verified Letter Memorandum in Lieu of Motion for Leave to Supplement Petition for Writ of Habeas Corpus," and denied in all other respects.

Peterson filed the instant Rule 60(b) Motion on December 3, 2014. It is dismissed as untimely filed for the reasons set forth below.

## III. LEGAL STANDARD

Rule 60(b) provides, in relevant part, that relief from judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'" *United States v. Hernandez*, 158 F.Supp. 2d 388, 392 (D. Del 2001) (*quoting Ross v Meagan*, 638 F.2d 646, 648 (3d Cir. 1981)).

"All motions filed pursuant to Rule 60(b) must be made within a 'reasonable time.'" *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). "What constitutes a 'reasonable time' under Rule 60(b) is to be decided under the circumstances of each case." *Id.* (citation omitted). "As a general matter, a Rule 60(b)(6) motion filed more than one year after final judgment is untimely unless 'extraordinary circumstances excuse the [party's] failure to proceed sooner." *Ortiz v. Pierce*, No. 08-4877, 2014 WL 3909138, at *1 (D. Del. 2014 (*citing Ackerman v. United States*, 340 U.S. 193, 202 (1950)).

## IV. DISCUSSION

In his Rule 60(b) Motion Peterson asserts claims that trial counsel had a conflict of interest and deliberately withheld exculpatory evidence and that the trial judge refused to investigate or address the alleged conflict of interest. He also argues that the Rule 60(b) Motion was timely because he filed it within 87 days after the Court of Appeals decided *Cox*. The Court concludes that the Rule 60(b) Motion was not timely filed for the reasons set forth below.

The Court concludes that Peterson's Rule 60(b) Motion, in which he seeks relief from the Court's Order dated June 15, 2004, was not filed within a reasonable time. First, Peterson filed

4

the Motion more than 10 years after the entry of the Order of June 15, 2004. The Court rejects Peterson's argument that the Rule 60(b) Motion is timely because he filed it within 87 days after the Court of Appeals decided *Cox*.

The Court first notes that in *Martinez v. Ryan*, 566 U.S. ____, 132 S.Ct. 1309 (2012), the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, [i.e., a collateral proceeding that provides the first occasion for a defendant to raise a claim that trial counsel was ineffective,] a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. *Martinez* effected a change in the Supreme Court's *habeas corpus* jurisprudence, which previously had not recognized a claim for ineffective assistance of counsel at the post-trial stage that would excuse procedural default of a petitioner's claim. Recognizing this, in *Cox* the Court of Appeals provided guidance for district courts considering *Martinez* in Rule 60(b) motions and in *habeas cases* and remanded the Rule 60(b) motion at issue to the district court for reconsideration in light of that guidance. *See Cox,* 757 F.3d at 124.

In *Cox,* the Court of Appeals made clear "at the outset that one of the critical factors in the equitable and case-dependent nature of the 60(b)(6) analysis ... is whether the 60(b)(6) motion was brought within a reasonable time of the *Martinez* decision." *Cox,* 757 F.3d at 115-16. The panel did not provide a specific time frame that it deemed reasonable, stating only that the petitioner's motion, which was filed 90 days after the *Martinez* decision, "[wa]s close enough to that decision to be deemed reasonable." *Id.* at 116. However, the *Cox* court warned that "unless a

5

petitioner's motion for 60(b)(6) relief based on *Martinez* was filed within a reasonable time of that decision, the motion will fail." *Id.*

The Supreme Court filed its opinion in *Martinez* on March 20, 2012. Peterson filed his Rule 60(b) Motion on December 3, 2014, more than two years after *Martinez* was decided. The Court concludes that such filing was not within a reasonable time of the *Martinez* decision. Peterson erroneously relies on *Cox* as a basis for relief, but that reliance is misplaced. *Cox* merely provided guidance for district courts considering *Martinez* in Rule 60(b) motions and in *habeas* motions. Moreover, Peterson fails to detail any "extraordinary circumstances" which might justify his delay in filing. *See Zahl v. Harper*, 403 F. App'x 729, 733-734 (3d Cir. 2010). *Cox* does not provide any basis for relief where, as in this case, a Rule 60(b) motion seeking relief under *Martinez* is not filed within a reasonable time and no extraordinary circumstances are presented.

## V. A Certificate of Appealability Will Not Issue

A certificate of appealability shall issue only if a petitioner establishes "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court concludes that Peterson has not made such a showing with respect to his motion. Therefore, a certificate of appealability will not issue.

## VI. CONCLUSION

For the foregoing reasons the court dismisses Peterson's Rule 60(b) Motion as untimely. An appropriate Order follows.